IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HESHAM M. ABBAS                                        Plaintiff,

v.                      Case No: 3:13-cv-00147

WILLIAM WOOD, et. als.                          Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS WOOD AND WOLEBEN'S 12(b)(6) MOTION**

COMES NOW the plaintiff, and for his Memorandum in Opposition to Defendants Wood's and Woleben's Motion to Dismiss, argues the following:

**I.**     **Background[1]**

Plaintiff is a former medical student at MCV who excelled academically before these defendants and the school dismissed him during his third year for a "lack of academic process". After his first two years of school, Plaintiff requested a series of leaves of absences due to personal and health reasons. MCV granted these leaves of absences and Plaintiff complied with all of the school's requests. Plaintiff was scheduled to resume his medical studies in January 2011. On January 4, 2011, Defendant Wood wrote Plaintiff, indicating he was aware of Plaintiff's legal proceedings and advising Plaintiff would be "presented" to the promotions committee on January 12, 2011. The letter did not indicate what Plaintiff was being presented for, nor did it indicate Plaintiff

---

[1] Citations to the Complaint are set forth within Plaintiff's Argument section where necessary as opposed to within the Background section of this brief.

1

could attend the committee's meeting or notify Plaintiff any action could or might be taken against him by the school during the meeting.[2]

On January 6, 2011, Plaintiff met with Defendant Woleben to discuss unprofessional behavior he believed some of his classmates were visiting upon him. Defendant Wood joined the meeting and Defendants Woleben and Wood ("these defendants") walked Plaintiff over to the hospital where they prepared to have him psychiatrically institutionalized against his will. Plaintiff secretly called his mother, who in turn called the Richmond police; the police intervened while Plaintiff was at the hospital awaiting a transfer order to a psychiatric clinic in Hampton Roads. Another mental health provider was summoned to examine Plaintiff and this provider found no problems and cleared Plaintiff to leave the hospital volitionally.

On January 14, 2011, Plaintiff received a letter from Defendant Wood advising Plaintiff he had been dismissed by the promotions committee for "lack of academic process". Plaintiff did not know what "academic process" he failed to achieve and scheduled a meeting with these defendants to discuss the dismissal. These defendants refused to explain the dismissal to Plaintiff, instead merely advising Plaintiff he had been dismissed, had no right to appeal or protest the dismissal and no options to ever be re-enrolled into MCV to complete medical school. Ultimately, the plaintiff filed the instant

---

[2] Specifically, the letter stated the following: "It is my understanding that your court date has been continued until January 19, 2011. I believe it is in your best interest and that of the school that you remain on an indefinite leave of absence until which time there is resolution of your status in the School of Medicine. You will be presented to the Promotions Committee on January 12, 2011 to apprise them of your situation. In the interim, please keep me informed of the any change in your situation. If you have any questions, feel free to contact me." To the extent the actual language in the letter is dispositive as to the ruling on these defendants' Motion to Dismiss, Plaintiff would respectfully request leave to plead it verbatim; however, the essence of the letter is set forth within Plaintiff's Complaint.

lawsuit seeking redress for violations of his constitutional rights among other things. These defendants filed a Motion to Dismiss for failure to state a claim. Plaintiff responds, requesting the Court deny their Motion to Dismiss.

**II.** **Argument**

The Court should deny these defendants' Motion to Dismiss because Plaintiff has stated claims against them for violating his constitutional rights. Plaintiff possessed a protectable interest in his continued enrollment at the medical college of Virginia. Plaintiff states a claim for violation of procedural due process because Plaintiff was not afforded an opportunity to be heard before being dismissed for disciplinary reasons and was denied his right to an appeal. Plaintiff states a claim for want of substantive due process because Plaintiff's dismissal by these defendants arises from conduct which shocks the conscience and is without a rational supporting basis. Plaintiff states a claim for an equal protection violation as a "class of one" because he was intentionally treated differently than others without any rational basis. Accordingly, the Court should deny these defendants' Motion to Dismiss.

    A. Plaintiff Stated Claims for Violation of Procedural and Substantive Due Process.

Plaintiff stated claims for violations of both procedural and substantive due process. Dismissals such as Plaintiff's can implicate a student's liberty or property interests in their continued enrollment within an academic institution and can be protected by the due process guarantee of the Fourteenth Amendment. Herron v. Virginia Com. Univ., 366 F. Supp. 2d 355, 358 (E.D. Va. 2004) aff'd sub nom. Herron v. Virginia Commonwealth Univ., 116 F. App'x 467 (4th Cir. 2004); citing Goss v. Lopez, 419 U.S. 565, 573 (1975); see also Butler v Rector & Bd. of Visitors of Coll. of Willian

& Mary, 121 F. App'x 515, 518 (4th Cir. 2005); Tigrett v. Rector & Visitors of the Univ. of Va., 137 F. Supp. 2d 670, 675 (W.D. Va. 2001) aff'd, 290 F.3d 620 (4th Cir. 2002). Specifically, courts have held medical students possess protectable property interests in their continued enrollment where the students, like Plaintiff here, have a contract with their medical college, the terms of which include handbooks and manuals among other things. Lewin v. Med. Coll. of Hampton Roads, 910 F. Supp. 1161, 1164 (E.D. Va. 1996) aff'd, 131 F.3d 135 (4th Cir. 1997). Accordingly, Plaintiff was entitled to some degree of due process before being dismissed. These defendants' Motion to Dismiss should be denied.

1. Defendants Violated Plaintiff's Procedural Due Process Rights

Plaintiff was entitled to procedural due process before being dismissed. To state a due process claim, the Plaintiff must show he possesses: "(1) a protected liberty or property interest; (2) of which the Defendant deprived her; (2) without due process." Herron v. Virginia Com. Univ., at 358. A student's dismissal for disciplinary rather than academic reasons requires more stringent procedural protection. Id. "In the context of student discipline, the Due Process Clause requires notice and an opportunity to be heard." Tigrett v. Rector & Visitors of Univ. of Virginia, 137 F. Supp. 2d 670, 674-75 (W.D. Va. 2001) aff'd, 290 F.3d 620 (4th Cir. 2002). Specifically,

> "The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the [University]. The nature of the hearing should vary depending upon the circumstances of the particular case… By its nature, a charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the charged misconduct, easily colored by the point of view of the witnesses. In such circumstances, a hearing which gives the administrative authorities of the college an opportunity to hear both sides in considerable detail is best

4

> suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required. Such a hearing, with the attending publicity and disturbance of college activities might be detrimental to the college's educational atmosphere and impracticable to carry out. Nevertheless, the rudiments of an adversary proceeding may be preserved without encroaching upon the interests of the college."

Cobb v. The Rector & Visitors of Univ. of Virginia, 69 F. Supp. 2d 815, 828-29 (W.D. Va. 1999).

Here, these defendants provided no hearing or notice of any kind.

The letter dismissing Plaintiff penned by Defendant Wood on January 14, 2011 merely stated the promotions committee had met on January 12, 2011 and dismissed Plaintiff "due to not satisfying academic process"[3], whatever that means. Perplexed, Plaintiff scheduled a meeting with Defendants Wood and Woleben to discuss the dismissal and they told him "there was nothing he could do to protest the decision and there were not any options by which he could return to the school to complete his studies". Even if the Court deems the dismissal academic in nature, which Plaintiff denies for the reason set forth *infra*, the defendants violated Plaintiff's procedural due process rights as these defendants' actions constituted "a substantial departure from accepted academic norms as to demonstrate" they "did not actually exercise professional judgment". Lewin v. Med. Coll. of Hampton Roads, 910 F. Supp. 1161, 1167 (E.D. Va. 1996) aff'd, 131 F.3d 135 (4th Cir. 1997). Indeed, exclaiming to Plaintiff he had no appeal rights and "there was nothing he could do to protest" their decision is absolutely contrary to the appeal rights set forth within the student handbook. Moreover, there was no rational basis for Plaintiff's dismissal in the first instance.

---

[3] Complaint, paragraph 13.

Plaintiff's Complaint alleges he "excelled academically"[4] during his first two years of medical school prior to a series of approved[5] leaves of absences. Plaintiff was set to return to school in January 2011 until these defendants elected to arbitrarily and capriciously dismiss him for "lack of academic process". Indeed, however, what academic process did Plaintiff fail to complete? Plaintiff complied with all rules and processes while a medical student at MCV. Plaintiff matriculated, enrolled for classes, performed well and, when necessary, submitted timely and explanatory leaves of absence requests substantiated by medical opinions, when requested. Hence, these defendants substantially deviated from accepted norms when they dismissed Plaintiff without actually exercising professional judgment, violating Plaintiff's procedural due process rights even if the court deems his dismissal academic in nature. The facts Plaintiff pled within his Complaint however show these defendants dismissed him for disciplinary reasons.

A notice of hearing and quasi-adversarial hearing of the kind described within Cobb are required when a dismissal is for disciplinary reasons. Defendants provided Plaintiff with neither. The court can infer a disciplinary dismissal from the history antedating his dismissal. On January 4, 2011, Defendant Wood wrote Plaintiff, advising him he was aware of Plaintiff's legal proceedings had not been resolved, indicating he should remain on an indefinite leave of absence and indicating he would be "presented"

---

[4] Complaint, paragraph 4.
[5] These defendants' briefs attempt to paint Plaintiff as an academic underperformer because of his leaves of absences; however, all of the leaves were approved and Defendants cannot refute the plain evidence that Plaintiff performed well academically at all times relevant.

to the promotions committee on January 12, 2011[6]. The letter did not inform Plaintiff he could attend nor notify him he could or might be dismissed from medical school during the meeting. On January 6, 2011, Plaintiff met with Defendant Woleben to discuss unprofessional conduct he was experiencing with his classmates[7], Defendant Wood joined the meeting and it ended with these defendants attempting to have Plaintiff psychiatrically institutionalized against his will and shipped off to Hampton Roads. Only a secret intervening call from Plaintiff to his mother, who in turn contacted the Richmond city police prevented this unlawful seizure from occurring although Plaintiff was detained against his will for several hours. Less than a week later these defendants "presented" Plaintiff to the promotions committee and on January 12, 2011, the promotions committee apparently decided to dismiss Plaintiff for "lack of academic process". Defendant Wood notified Plaintiff of his dismissal for "lack of academic process" via letter on January 14, 2011 and when Plaintiff attempted to protest the decision, these defendants vehemently reprobated Plaintiff he could not contest the dismissal, derogating from the school's policies. Under these facts, the Court can easily find Plaintiff's Complaint states a claim for procedural due process.

        2.    <u>Defendants Violated Plaintiff's Substantive Due Process Rights</u>

Plaintiff stated a claim against these defendants for violation of his substantive due process rights. To establish a violation of substantive due process, Plaintiff must "demonstrate arbitrary and capricious conduct" by the defendants "showing that there

---

[6] Complaint, paragraph 11. Remarkably, the letter did not invite Plaintiff to attend or warn him the promotions committee would consider dismissing him for "lack of academic process".

[7] Complaint, paragraph 12.

was no rational basis" for his dismissal or that "the dismissal was motivated by bad faith or ill will unrelated to academic performance". <u>Tigrett v. Rector & Visitors of Univ. of Virginia</u>, 137 F. Supp. 2d 670, 678 (W.D. Va. 2001) <u>aff'd,</u> 290 F.3d 620 (4th Cir. 2002). In other words, Plaintiff must demonstrate these defendants' actions "shock the conscience". <u>Butler v. Rector & Bd. of Visitors of Coll. of William & Mary</u>, 121 F. App'x 515, 519 (4th Cir. 2005). The touchstone of due process is "protection of the individual against arbitrary action of government". <u>Tigrett v. Rector & Visitors of Univ. of Virginia</u>, 137 F. Supp. 2d at 678. Here, the facts pled by Plaintiff show these defendants' actions were motivated by ill-will and bad faith, that no rational basis supported them and said actions shock the conscience.

These defendants acted out of ill-will towards Plaintiff and no rational basis supports their decision to dismiss Plaintiff without notice and deny him appeal rights. Defendant Wood's January 4, 2011 letter references his awareness of Plaintiff's "legal proceedings" and states Plaintiff will be presented to the promotions committee on January 12, 2011 but fails to notify Plaintiff what actions, if any, the promotions committee might take, indicate he can attend or notify him the committee could or might dismiss him from medical school.  The letter shows Defendant Wood's personal interest in Plaintiff's personal life and his reference to an indefinite leave pending Plaintiff's legal proceedings, suggests in hindsight the contemplation of disciplinary action against Plaintiff.

On January 6, 2011, Plaintiff scheduled a meeting with Defendant Woleben to discuss unprofessional behavior being visited upon him by some of his classmates and the meeting ended several hours later with Plaintiff having to call his mother, and her in

8

turn the Richmond city police, to block these defendants' efforts to have Plaintiff psychiatrically institutionalized against his will—a clear show of personal animus, particularly given the third-party mental health provider summoned to re-evaluate Plaintiff cleared him to leave. On January 14, 2011, defendant Wood wrote Plaintiff and advised him he had been dismissed for "lack of academic process", a patently dubious and sham rationale. Yet when Plaintiff predictably met with these defendants to discuss the alarming dismissal letter, they both told him he had no appeal rights and no options to protest the decision. These defendants' conduct in these regards are not underpinned by any rational bases and demonstrate they acted out of personal ill-will and bad faith. These defendants capriciously and arbitrarily decided to dismiss Plaintiff without any rational bases, notice or opportunity to be heard and thereafter denied him his appeal rights in derogation of school policies. As such, Plaintiff stated a substantive due process violation against these defendants.

### B. Defendants Violated Plaintiff's Equal Protection Rights

Plaintiff stated a claim against these defendants for violation of his equal protection rights as "a class of one". Under a "class of one" theory, Plaintiff must show he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment". *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, (2000). In *Olech,* "the plaintiff's class-of-one claim was cognizable where a village property regulation required the plaintiff to have a 33–foot easement for her water connection while other property owners were only required to have a 15–foot one" without a rationale basis therefore. Here, these defendants intentionally treated Plaintiff

differently[8], dismissing him for "lack of academic process", a seemingly phantom and undefined basis that does not appear within any handbook, manual, on a website or anywhere else where Plaintiff might be reasonably informed thereof—this ensued by less than a week these defendants' efforts to have Plaintiff psychiatrically institutionalized against his will. Following the dismissal, these defendants emphatically and without explanation exclaimed to Plaintiff he could not appeal or contest their decision to dismiss him from medical school during his third academic year in further derogation of school policy. All of this is to say, these defendants intentionally treated Plaintiff differently than other medical students without any rational basis therefore, violating Plaintiff's equal protection rights. These defendants' Motion to Dismiss should be denied.

WHEREFORE, the plaintiff respectfully requests the Court deny these defendants' Motion to Dismiss.

Hesham M. Abbas

By Counsel

_____/s/_____
D. Hayden Fisher, Esquire
Fisher Clarke, PLC
P.O. Box 7321
Richmond, Virginia 23221
(804) 335-1270

---

[8] Remarkably, Defendants rely heavily on the unpublished decision, Nofsinger v. Virginia Commonwealth University, No. 12–236, 2012 WL 2878608 (E.D.Va.2012); however, as noted by another court, the holding in Nofsinger arises from that plaintiff's failure to plead facts which support an inference of discriminatory intent, rendering it an unpersuasive authority. See Cypher v. California Univ. of Pennsylvania, CIV.A. 12-451, 2012 WL 5614990 (W.D. Pa. Nov. 15, 2012) (noting "the plaintiff in Nofsinger alleged arbitrary treatment by defendants without pleading facts to support an inference of discriminatory intent"). Here, Plaintiff pled such facts.

(804) 482-2725 (facsimile)
hfisher@fisherclarke.com
haydenfisher@mac.com

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2013, the foregoing was filed electronically with the clerk of court using the CM/ECF system which will send a copy to counsel of record as set forth below.

_____/s/_____

Charles M. Allen, Esquire
Goodman, Allen & Filetti
4501 Highwoods Pkwy, Suite 210
Glen Allen, VA 23060
*Counsel for VCUHS and Chen*

Christy W. Monolo
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
*Counsel for Christopher Woleben and Issac Wood*